IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

VANESSA SAENZ,

    Plaintiff,

v.

PHILLIP BREDESEN, Governor of Tennessee, in his official capacity, JOHN ARRIOLA, Davidson County Clerk, in his official capacity,

    Defendants.

Civil Action No. _____

## VERIFIED COMPLAINT

1    Plaintiff brings this Complaint against the above-named Defendants, their employees, agents, and successors in office all in their official capacities

2.    This action is brought on behalf of Plaintiff who is being denied her fundamental right to marry the man of her choice under color of state law. The State of Tennessee has adopted, implemented and enforced a statute that requires persons seeking to obtain a marriage license to provide a social security number in order to secure a marriage license T.C.A §36-3-104(a). The Defendant County Clerk has a policy of issuing a marriage licensing if an applicant does not have a social security number but does have a valid visa ("visa"). If both parties seeking a marriage license do not have a social security number or a visa, they can not get a marriage license and, therefore, can not get married in the state of Tennessee. This statute directly interferes with Plaintiff's fundamental right to marry and, accordingly, violates the United States Constitution as well as Plaintiff's fundamental right to privacy under the Constitution of the State of Tennessee. This litigation is brought pursuant to 42 U.S.C. §1983

1

and this Court's pendent jurisdiction under 28 U.S.C. §1367. Plaintiff seeks declaratory and injunctive relief, as well as attorneys' fees pursuant to 42 U.S.C. §1988.

## PARTIES

3. Plaintiff Vanessa Saenz ("Plaintiff Saenz") is a citizen of the United States, and a resident of Davidson County, Tennessee. Plaintiff Saenz has a social security number, and meets all requirements under the Tennessee Code to be issued a marriage license. Plaintiff Saenz is currently engaged to be married.

4. Defendant Phillip Bredesen is the governor of the State of Tennessee. He is responsible for enforcement of the laws of Tennessee, pursuant to Article III, Section 1 of the Tennessee Constitution, which vests in him "the Supreme Executive power" of the State. Defendant Bredesen, his employees, agents, and his successors are sued in their official capacity.

5. Defendant John Arriola is the elected County Clerk for Davidson County, Tennessee. As County Clerk, Defendant Arriola is responsible for enforcing T.C.A. §36-3-104(a) and issuing marriage licenses only to those individuals who can provide a social security number on their application for such a license. Defendant Arriola has a policy of substituting a visa of an applicant for a marriage license who does not have a social security number. Defendant Arriola, his employees, agents and successors are sued in their official capacity.

6. Pursuant to T.C.A. §29-14-107(b), a copy of this Verified Complaint will be served on Robert Cooper, the Attorney General for the State of Tennessee.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 to hear claims arising under federal law. Additionally, this Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general and equitable powers of this Court.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because (1) defendants reside, or are found, in this district; and (2) more than a substantial portion of the events and omissions giving rise to the claims herein have occurred and are occurring in this district.

## FACTUAL ALLEGATIONS

10. In Tennessee, no person may marry without a valid marriage license issued by the County Clerk of the County where the application is made by persons seeking to marry each other. T.C.A. §36-3-103(a)

11. Tennessee law sets specific conditions precedent to the issuance of a marriage license. In Tennessee, "[n]o county clerk nor deputy clerk shall issue a marriage license until the applicants make an application in writing stating the names, ages, addresses *and social security numbers of both the proposed male and female contracting parties...*" T.C.A. §36-3-104(a) (emphasis added)

12. On or about October 26, 2007, Plaintiff and her fiancé attempted to secure a valid marriage license at the office of the County Clerk in Nashville, Davidson County, Tennessee.

13. When Plaintiff and her fiancé arrived at the County Clerk's office, they attempted to complete the marriage license application. However, Plaintiff was unable to complete the forms because her fiancé does not have a social security number.

14. Plaintiff Saenz inquired of Defendant Arriola's office what she should do because her fiancé had no social security number. Plaintiff was told that if her fiancé did not have a social security number, he could provide a current passport with a visa. There is no statutory authority for the Defendant County Clerk to substitute a visa for a social security number.

3

15. Plaintiff Saenz explained that her fiancé had a current passport, but did not have a visa. The response of Defendant Arriola's agent was that Tennessee law required that both she and her fiancé present a social security number in order to secure a marriage license. Defendant's agent also stated that a visa would suffice in lieu of a social security number in order for a marriage license to be issued, despite the absence of any statute for such substitution.

16. As a direct result of T.C.A. §36-3-104(a), Plaintiff has been unable to marry. Plaintiff has suffered and continues to suffer irreparable harm by having her fundamental right to marry denied by the State of Tennessee.

17. Injunctive relief and other relief is necessary to ensure that Plaintiff Saenz and her fiancé are able to marry.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

18. Paragraphs 1-17, inclusive, are incorporated by reference and realleged in this paragraph as if set forth fully herein.

19. By requiring that all persons present a social security number in order to secure a marriage license, Defendants, acting under the color of law pursuant to T.C.A. §36-3-104(a), directly interfered with Plaintiff's fundamental right to marry.

20. Requiring the production of a social security number a condition of obtaining a marriage license denies persons who want to marry individuals who do not have and/or can not obtain a social security number of the equal protection of the laws in that it deprives them of a fundamental legal right, the right to marry.

21. Requiring all persons applying for a marriage license to provide a social security number, even if they do not have or can not get a social security number, denies Plaintiff Saenz

4

her right to equal protection of the laws in that it treats her differently because she wishes to marry an individual who does not have or can not get a social security number.

22. Requiring both parties seeking a marriage license to produce a social security number as a condition to obtaining such a license serves no compelling state government purpose that can bar the fundamental constitutional right to marry

23 The requirement that each party seeking a marriage license have a social security number violates Plaintiff's constitutional rights to due process of law and equal protection under the Fourteenth Amendment to the United States Constitution, and her fundamental right to privacy and equal protection under the law as guaranteed in Article I, Sections 1, 2, 3, 7, 8, 19 and 27 and Article XI, Section 8 of the Tennessee Constitution.

## SECOND CLAIM FOR RELIEF

24 Paragraphs 1-23, inclusive, are incorporated by reference and realleged in this paragraph as if set forth fully herein

25. The Davidson County Clerk's requirement, under the color of law, that persons applying for a marriage license who do not have a social security to produce a visa as a condition of obtaining a marriage license. Such denies persons, who want to marry individuals who do not have and/or cannot obtain a visa, of the equal protection of the laws in that it deprives them of a fundamental legal right, the right to marry

26 The Davidson County Clerk's requirement that persons, applying for a marriage license who do not have a social security number, to produce a visa as a condition of obtaining such a license denies persons, who want to marry persons who do not have and/or can not obtain a visa, of the equal protection of the laws in that it deprives them of a fundamental legal right, the right to marry

27. Requiring persons applying for a marriage license to provide a visa, in lieu of a social security number, even if they do not have or can not get a visa, denies Plaintiff Saenz her right to equal protection of the laws in that it treats her differently because she wishes to marry an individual who does not have or can not get a visa.

28. Requiring persons applying for a marriage license to provide a visa, in lieu of a social security number, as a condition of obtaining such a license serves no compelling state-government interest greater than the fundamental right to marry.

29. The Davidson County Clerk's visa requirement violates Plaintiff's constitutional rights to due process of law and equal protection under the Fourteenth Amendment to the United States Constitution, and her fundamental right to privacy and equal protection under the law as guaranteed in Article I, Sections 1, 2, 3, 7, 8, 19 and 27 and Article XI, Section 8 of the Tennessee Constitution.

### THIRD CLAIM FOR RELIEF

30. Paragraphs 1-29, inclusive, are incorporated by reference and realleged in this paragraph as if set forth fully herein.

31. T.C.A. §36-3-104(a) requires all persons applying for a marriage license to provide a social security number as a condition of obtaining such a license, and denies persons who want to marry persons who do not have and/or can not obtain a social security number of the equal protection of the laws in that it deprives them of a fundamental legal right, the right to marry.

32. The statute requiring all persons applying for a marriage license to provide a social security number, even if they do not have or can not get a social security number, denies Plaintiff Saenz her right to equal protection of the laws in that it treats her differently because she wishes to marry an individual who does not have or can not get a social security number.

6

33. The statute requiring both parties applying for a marriage license to provide a social security number as a condition of obtaining such a license serves no compelling state-government interest greater than the fundamental right to marry.

34. Because T.C.A. §36-3-104(a) violates the constitutional rights of due process and equal protection under the Fourteenth Amendment as well as the fundamental right to privacy and right to equal protection under the law as guaranteed in Article I, Sections 1, 2, 3, 7, 8, 19 and 27 and Article XI, Section 8 of the Tennessee Constitution, it is unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Issue a preliminary injunction pursuant to Federal Rules of Civil Procedure 65 enjoining Defendant Arriola from requiring Plaintiff and her fiancé to have a social security number as a condition of securing a marriage license, so that Plaintiff and her fiancé may exercise their fundamental right of marriage; and from further implementing or enforcing T.C.A. §36-3-104(a) requiring that all persons applying for a marriage license provide a social security number as a condition of obtaining such a marriage license;

2. Issue a preliminary injunction pursuant to Federal Rules of Civil Procedure 65 prohibiting Defendant Arriola from requiring Plaintiff and her fiancé to have a visa in lieu of a social security number as a condition of securing a marriage license, so that Plaintiff and her fiancé may exercise their fundamental right of marriage; and from further implementing or enforcing his requirement that all persons applying for a marriage license that do not have a social security number provide a visa as a condition of obtaining such a marriage license;

3. Issue a permanent injunction pursuant to Federal Rules of Civil Procedure 65 prohibiting Defendant Arriola from refusing to issue Plaintiff and her fiancé a marriage license so that they may experience their fundamental right of marriage; and from further implementing or enforcing T.C.A. §26-3-104(a) requiring that all persons applying for a marriage license provide a social security number or requiring a visa as a condition of obtaining such a marriage license;

4. Pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983, and 28 U.S.C. §1367, declare that T.C.A §36-3-104(a), requiring persons who wish to obtain a legal marriage license to provide a social security number as a condition for the issuance of an application for a marriage license be void because it violates the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, as well as Plaintiff's fundamental rights to privacy and equal protection under the Tennessee Constitution;

5. Grant Plaintiff the costs incurred in this litigation including reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and

6. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

George E. Barrett #2672
Douglas S. Johnston, Jr. #5782
Edmund L. Carey, Jr. #12013
Laurel A. Johnston #24532
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

## VERIFICATION

## (pursuant to 28 U.S.C. § 1746)

I hereby declare under penalty of perjury that to the best of my knowledge, information and belief the foregoing factual allegations are true and correct.

_____
VANESSA SAENZ

Dated: April 19, 2008

8